918 F.2d 185
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Franklin L. HANSON, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 90-3327.
 United States Court of Appeals, Federal Circuit.
 Oct. 4, 1990.
 
 Before RICH, Circuit Judge, and SKELTON and BALDWIN, Senior Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 The initial decision of the Merit Systems Protection Board (Board) dated November 8, 1989, which became final on March 19, 1990, Docket No. DC07528910536, dismissed for lack of jurisdiction Franklin L. Hanson's appeal of his removal from the position of Civil Engineering Technician with the Department of the Army (Army) because Hanson had waived his right to appeal disciplinary actions to the Board in settlement of a prior removal action. We affirm.
 
 OPINION
 
 2
 The Administrative Judge (AJ) dismissed Hanson's appeal to the Board for lack of jurisdiction because Hanson had waived his right to appeal in a prior settlement agreement and the AJ determined that the Army had properly enforced the agreement. In the settlement agreement, Hanson agreed to waive his right to appeal termination of his employment in the event of a breach and not to report to work impaired by alcohol. In return, the Army agreed to cancel a pending suspension action against Hanson.
 
 
 3
 Unfortunately, Hanson's alcohol-related problems continued and he was removed from his position based on his breach of the settlement agreement. Hanson appealed his removal to the Board and the appeal was dismissed by the AJ for lack of jurisdiction. Hanson bases his appeal to this court on two grounds. First, he argues that although the agreement did not contain a description of the method by which a breach was to be verified, the methods used were not in compliance with the agreement. Second, he alleges the Army improperly applied the settlement agreement, taking action amounting to bad faith.
 
 
 4
 There is no dispute concerning the validity of the agreement itself. Hanson acknowledged that he entered into the settlement agreement knowingly and voluntarily, and that he signed the agreement in order to avoid pending disciplinary action. Hanson's waiver of his right to appeal subsequent disciplinary action is enforceable. McCall v. United States Postal Service, 839 F.2d 664, 666-8 (Fed.Cir.1988).
 
 
 5
 The terms of the agreement do not identify a method of verification in the event that Hanson was suspected of being impaired by alcohol. Hanson claims a standard of proof for any method of verification as "beyond a shadow of a doubt." It is well settled that a settlement agreement is a contract, the interpretation of which is a question of law. It was for the AJ to construe the clauses of the settlement agreement. McCall, 839 F.2d at 669. Here, the AJ concluded that the methods used by the Army to verify Hanson's condition, i.e. observation and the smelling of Hanson's breath, were reasonable and in keeping with the intent of the agreement. We agree with the AJ and hold that the methods employed were correct as a matter of law.
 
 
 6
 Hanson also claims the right to a hearing on the question of jurisdiction based on his allegations that the Army acted in bad faith. While there is no statute requiring the Board to hold a hearing on the question of jurisdiction, a hearing would be held where a petitioner presented a non-frivolous claim that the agency acted in bad faith. Walker v. Department of the Navy, 40 MSPR 600, 603-4 (1989). Hanson has presented no evidence to support his allegations of bad faith on the part of the Army. The record establishes that Hanson was impaired by alcohol on the dates alleged and that the AJ's determination is supported by substantial evidence.
 
 
 7
 There is nothing in the record to suggest that the AJ's decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or obtained without procedures required by law, rule, or regulation having been followed, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c); See Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). Accordingly, we hold that the AJ properly enforced the settlement agreement by holding that Hanson failed to establish Board jurisdiction and by dismissing the appeal for lack of jurisdiction.